NOT DESIGNATED FOR PUBLICATION

No. 123,620

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL J. STIEB,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 3, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Michael J. Stieb appeals the district court's decision revoking his probation and ordering him to serve his original sentence. Stieb moved for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded asking this court to affirm the district court's ruling. This court granted Stieb's motion for summary disposition and affirms the district court's decision.

FACTS

On March 20, 2019, Stieb pled guilty to one count of possession of methamphetamine for a crime he committed in June 2018. On August 6, 2019, the district

1

court sentenced Stieb to 30 months' imprisonment but made border box findings and granted probation for 18 months to be supervised by community corrections.

Stieb was unsuccessful on probation. On December 12, 2019, Stieb waived his right to an evidentiary hearing and admitted to not reporting to his intensive supervision officer (ISO), consuming methamphetamine and cocaine, and possessing drug paraphernalia. The district court ordered Stieb to serve a 60-day jail sanction, suspended upon Stieb's acceptance into inpatient treatment or the residential program.

Stieb continued to violate the conditions of his probation by not reporting to his ISO, not attending treatment, and not keeping the ISO informed of his address. He also committed the crime of criminal deprivation of property. At a hearing on January 5, 2021, the district court found that Stieb violated the conditions of his probation by failing to contact his ISO and by committing the new crime of criminal deprivation of property. The district court also found Stieb's welfare was not served by continued probation because he did not engage in treatment, he did not report when required, and he committed a new crime. The district court revoked Stieb's probation and ordered him to serve his original sentence. Stieb timely appealed the district court's judgment.

ANALYSIS

On appeal, Stieb claims the district court "abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence." He acknowledges the district court may revoke probation without having previously imposed intermediate sanctions where the offender commits a new crime while on probation.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469

(2018). A court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable or it is based on an error of law or fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2017 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a felony probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her original sentence, unless certain exceptions apply. Here, the district court could bypass the intermediate sanctions because Stieb committed a new crime while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A). Because the district court could revoke Stieb's probation without first imposing intermediate sanctions, the issue is whether the district court's actions were otherwise unreasonable.

Stieb asserts the district court abused its discretion when it ordered him to serve his original sentence but gives no reason. A court abuses its discretion if no reasonable person would have taken the court's position. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). At the probation revocation hearing, Stieb stipulated that he committed a new crime while on probation. He also violated many other conditions of probation including failing to report, using drugs, and failing to complete his required treatment program. Stieb has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.

3